UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY HARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14CV303 RWS |
| | ) |
| JOHN JORDAN, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition Jeffrey Harker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his application for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis. Because "it plainly appears from the petition . . . that the petitioner is not entitled to relief," the Court will dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases.

Petitioner, an inmate at the Cape Girardeau County Jail, seeks "credit toward [his] sentence for jail time served for being in custody up until sentencing." Petitioner believes that because he was only sentenced, on December 16, 2013, to

three concurrent sentences of 180 days, 180 days and 90 days, for resisting arrest, stealing and a probation violation, he will ultimately end up being incarcerated "longer than the sentencing court sentenced him to." Plaintiff states that he has "exhausted his administrative remedies through the grievances process" of Cape Girardeau County Jail.

Upon review of the petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); 28 U.S.C. § 2254(b)(1). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri also provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994); Missouri Supreme Court Rule 91.01.

As a result, petitioner's available state remedies are not exhausted, and the petition shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED**, without prejudice, for failure to exhaust his state remedies with respect to his claims.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 17th day of March, 2014.

                                                                      RODNEY W. SIPPEL
                                                                      UNITED STATES DISTRICT JUDGE